IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DOUGLAS A. DANZER, #01571326 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv231 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND**
**ORDER OF DISMISSAL**

Petitioner Douglas A. Danzer, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is complaining about his Hopkins County conviction for aggravated sexual assault of a child, Cause Number 9815138. On August 27, 1998, pursuant to a plea bargain agreement, Petitioner pleaded guilty to the charge and the court sentenced him to ten years' confinement, probated for ten years. He did not file a direct appeal. On March 30, 2007, the State moved to revoke his probation. However, pursuant to an agreement between the State and the defense, the State withdrew its motion to revoke, and Petitioner's community supervision was continued and extended for a period of ten years on June 25, 2007[1]. On May 1, 2009, after pleading true to violating the conditions of his community supervision, Petitioner's community supervision was revoked and he was sentenced to sixty years' confinement.

The Sixth Court of Appeals affirmed Petitioner's conviction on April 16, 2010. *Danzer v. State*, No. 06-09-00113-CR, slip op. (Tex. App.–Texarkana 2010, pet. ref'd). The Court of Criminal Appeals refused Petitioner's petitioner for discretionary review on September 22, 2010. *Danzer v. State*, PD-598-10. It also denied Petitioner's state writ of habeas corpus by written order on October

---

[1] This order was not signed until August 20, 2008.

26, 2011. *Ex parte Danzer*, 2012 WL 1142453 (Tex. Crim. App. 2012).

The present petition for a writ of habeas corpus was filed on April 10, 2012. Petitioner alleged that he is entitled to relief based on nine issues. The Director filed a Response, asserting that Petitioner's petition is time-barred. Petitioner filed a Reply. The undersigned issued a Report and Recommendation on December 10, 2014, to which objections were filed on January 12, 2015. On December 19, 2014, however, the undersigned was elevated to the position of United States District Judge; thus, the instant Memorandum Opinion is now being filed.

## Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[2]

In the present case, Petitioner is challenging his August 27, 1998 conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. He did not file a notice of appeal, thus the conviction became

---

[2]The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

final thirty days later, on September 28, 1998. Tex. R. App. P. 26.2 (Vernon 2000). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. – San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Accordingly, the one-year limitations period started running at that time and the present petition was due no later than September 28, 1999, in the absence of tolling provisions. It was not filed until April 10, 2012 – more than twelve years and six months too late.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed his state post-conviction application for a writ of habeas corpus well after the limitations deadline of September 28, 199. Thus, the state application did not serve to toll the statute of limitations because it was not properly filed prior to September 28, 1999.

Petitioner has made no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.

Furthermore, Petitioner has not shown any basis upon which the limitations period should be equitably tolled. The Supreme Court has discussed the issue of whether the AEDPA limitations period may be equitably tolled. In *Lawrence v. Florida*, 549 U.S.327, 127 S. Ct. 1079, 166 L. Ed.2d 924(2007), the Supreme Court, without deciding if equitable tolling is available, stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 1085; *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007). The Fifth Circuit specified that the decision is in accord with its case law holding that equitable tolling is available only in rare and exceptional circumstances where it is necessary to "preserve a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Id*.

As a general rule, equitable tolling has historically been limited to situations where the

movant "has actively pursued [his] judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by [his] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. His petition was filed more than twelve years and six months beyond the limitations period; accordingly, the petition should be denied and dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, the court may address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, the court finds that Petitioner is not entitled to a certificate of appealability as to the raised claims. It is

**ORDERED** that the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled upon are **DENIED**.
**SIGNED this 19th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE